# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAURA JETHVA,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Respondent.

No. 72124

**FILED**

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review concerning an agency substantiation of child neglect. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

After receiving a report of possible child abuse or neglect and conducting an investigation, respondent Clark County Department of Family Services (DFS) substantiated a finding that appellant neglected her minor child. Appellant requested and received an administrative hearing before a hearing officer, who sustained respondent's finding of neglect based on evidence that the child was bit three times by two different dogs over a four-month period of time while in appellant's care. The district court denied appellant's petition for judicial review, and this appeal followed.

Similar to the district court, this court shall not substitute its judgment for that of the agency on the weight of evidence as to a question of fact but may set aside the agency's decision if it is "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record," NRS 233B.135(3)(e), or constitutes an arbitrary or capricious abuse of discretion, NRS 233B.135(3)(f). "Abuse or neglect of a child" is defined to

17-35058

include a "[p]hysical or mental injury of a nonaccidental nature . . . caused or allowed by a person responsible for the welfare of the child under circumstances which indicate that the child's health or welfare is harmed or threatened with harm." NRS 432B.020(1)(a). NAC 432B.020 defines nonaccidental as "arising from an event or effect that a person responsible for a child's welfare could reasonably be expected to foresee, regardless of whether that person did not intend to abuse or neglect a child or was ignorant of the possible consequences of his actions or failure to act."

Appellant contends that the hearing officer's conclusion that substantial evidence supported a finding of neglect is clearly erroneous and constituted an arbitrary and capricious abuse of discretion because the child's injuries were accidental, she was closely supervising the child, and one of the injuries was from a scratch rather than a bite.[1] We disagree. The record demonstrates that one of the dogs bit the child twice within less than 24 hours. After the first bite from that dog, it was foreseeable that the dog may bite the child again. Because the second bite by that dog was foreseeable and appellant did nothing to safeguard the child from that dog after the first bite, the child's injury was nonaccidental. As to appellant's claim that one of the injuries was from a scratch, animal control officer Victor Perea testified that appellant reported to him that the injury was from a bite, not a scratch. Although appellant challenges Perea's credibility, this court will not reweigh the credibility of witnesses, *see Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 342, 302 P.3d 1108, 1118 (2013) (explaining that this court "will not reweigh evidence or witness credibility"), and the hearing officer specifically found Perea to be credible.

---

[1]The record demonstrates that appellant raised this argument below. We therefore reject any suggestion that appellant waived this argument.

 

Because the hearing officer's decision is supported by substantial evidence, we conclude that the district court did not abuse its discretion by denying appellant's petition for judicial review. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Joseph Hardy, Jr., District Judge
Mills, Mills & Anderson
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk